## (December 9, 1971)

SAMUEL R. WELTZ, JR., Respondent v. CAROL C. WELTZ, Appellant.— Order, Supreme Court, New York County, entered June 30, 1971, which granted certain visitation rights to plaintiff husband and decreed additional counsel fees to the defendant appellant wife, affirmed, without costs and without disbursements. Plaintiff received judgment of divorce on December 22, 1970 by reason of "defendant's cruel and inhuman treatment" after a trial before the same Judge who made this visitation order. The defendant wife received custody of the then two-year-old child "with reasonable visitation rights to plaintiff to be agreed upon between the parties, failing which, the court will make appropriate directions upon due application therefor". The parties could not agree on visitation rights. Defendant wife took the child to Florida, apparently soon after the judgment, and did not return until sometime in May, 1971, whereupon plaintiff husband moved by order to show cause to add to the judgment of December 22, 1970 appropriate provision for visitation by him. Appellant contends that visitation rights should not have been fixed until after a hearing, that the child has not seen her father for some six months, and that the visitation schedule imposed would be harmful to the child. She also seeks additional counsel fees for this post-judgment proceeding. The visitation provisions complained of are: "1. Every other Saturday and Sunday from 10 A.M. to 5 P.M.; 2. Commencing with the weekend of January 15, 1972, on alternate weekends from 10 A.M. on Saturday to 5 P.M. on Sunday; 3. For two weeks during the summer, commencing in July 1972." The only additional provision in the order was for visitation every Wednesday from 3:30 P.M. to 5:30 P.M., and no objection was taken to that. These provi-

sions are perfectly normal. They allow for a time lag to enable the father to get to know the child better before an overnight stay. There is no contention that the child is other than a normal child or that the father is other than a fit father. The Judge who determined the visitation presided at the trial and was familiar with the general family situation. That the Judge gave full consideration to the situation is shown by the fact that in the exercise of discretion he scaled down the father's requests. We should not disturb the determination when there are no special circumstances. The wife argues that the father has not seen the child since she went to Florida. To use that as a basis for reducing visitation would be to permit that deprivation by distance to be used to assist the party responsible. As to counsel fees, those already awarded were more than ample, being $12,500 by reason of the judgment plus $2,500 previously. (See *Weltz* v. *Weltz*, 35 A D 2d 208.) There is no need to continue this matter with additional counsel fee. The appeal from the order of Supreme Court, New York County, entered on August 31, 1971, is dismissed, without costs and without disbursements. McGivern, P. J. and Markewich, J. concur; Kupferman, J. concurs in the following memorandum: While I concur in the court's opinion, I believe it should be noted that in this day of women's liberation, unless specific facts are shown to the contrary, a father may be as qualified, or more so, to care for a child as a mother is. The trial court here awarded custody to the mother without a hearing as to her fitness. Should one be necessary for the father when all he has been given is a limited right of visitation? Murphy and McNally, JJ. dissent in part in the following memorandum by Murphy, J. We would affirm plaintiff's visitation rights except that portion providing for overnight stays. There is nothing in the trial record on this issue, and accordingly we would remand it for a hearing because of the tender age of the child and in the interests of her welfare. The important consideration on this application is the welfare of the child. An important factor is the ability of the father to care for their infant of tender years overnight. A related consideration is the time the father can devote to the child while in his care. The papers before the court are not sufficient for advised conclusions on these issues. A hearing should be had. These matters cannot be resolved on the basis of the prior actions of the parties. (See *People ex rel. Cachelin* v. *Cachelin*, 18 A D 2d 1057; *People ex rel Norwood* v. *Coffey*, 12 A D 2d 579; *Glasser* v. *Gluckstern*, 14 A D 2d 525.)